IN THE UNITED STATES DSTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REBECCA WILLIAMSON**,<br><br>**Plaintiff,**<br><br>v.<br><br>**RITE AID OF PENNSYLVANIA, LLC, JANE DOE, JACK DOE, and JOHN DOE**<br><br>**Defendants.** | **Civil Action No.:**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1. Plaintiff, an African-American citizen of the United States and a resident of the Commonwealth of Pennsylvania, brings this action to redress racial discrimination and civil wrongs perpetrated against her by Defendant and its agents in Defendant's retail pharmacy. Specifically and as set forth below in detail, in violation of the Civil Rights Act of 1866 and of Pennsylvania's Human Relations Act, Defendants' agents refused to provide Plaintiff with the same services which Defendant regularly provides to Caucasian-American customers, solely because Plaintiff is an African-American.

## JURISDICTION

2. This Court has jurisdiction over the subject matter of this Complaint

under 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4) and 1367.

3. Venue is appropriate under 28 U.S.C. § 1391 because the incidents giving rise to this action occurred in this judicial district.

## PARTIES

4. Rebecca Williamson is an African-American female who resides in Lemoyne, Pennsylvania.

5. Rite Aid of Pennsylvania LLC ("Rite Aid") is a domestic limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with headquarters at 1200 Intrepid Avenue in Philadelphia, Pennsylvania. Rite Aid operates retail pharmacies throughout Pennsylvania, including at 1137 Market Street in Lemoyne (the "Lemoyne Rite Aid").

6. At all times relevant to this Complaint Jane Doe was an employee and/or agent of Rite Aid and worked as an Associate at the customer service counter in the pharmacy at the Lemoyne Rite Aid.

7. At all times relevant to this Complaint Jack Doe was an employee and/or agent of Rite Aid and worked as a Store Manager at the Lemoyne Rite Aid.

8. At all times relevant to this Complaint John Doe was an employee and/or agent of Rite Aid and worked at the Lemoyne Rite Aid.

## STATEMENT OF FACTS

9. On February 8, 2023, Plaintiff visited the Lemoyne Rite Aid to pick

2

up prescriptions for herself and for her father. It was Plaintiff's normal practice to obtain her prescription medications from the pharmacy at the Lemoyne Rite Aid.

10. During her February 8, 2023 visit to the Lemoyne Rite Aid, Plaintiff was the only African-American in the pharmacy.

11. While waiting in line to reach the pharmacy customer service counter, Plaintiff observed Defendant Rite Aid Associate Jane Doe, who is Caucasian, provide medications to three Caucasian customers.

12. When Plaintiff reached the counter and presented her name after waiting in line, Defendant Rite Aid Associate Jane Doe initially dismissed her, telling her brusquely that the pharmacy would not fill Plaintiff's prescription because her insurance had denied coverage.

13. Despite Rite Aid Associate Jane Doe's attempt to turn Plaintiff away, Plaintiff insisted that she would pay full price for the medication in question and requested that Rite Aid Associate Jane Doe sell to her that medication.

14. Rite Aid Associate Jane Doe responded by attempting to embarrass Plaintiff, asking a colleague in a loud and demeaning voice whether it is even possible to pay cash for a prescription, asking "have you ever heard that?" Jane Doe commented repeatedly and loudly on the fact that Plaintiff would pay in cash.

15. In a voice that was intentionally loud enough so that all of the customers and staff in the pharmacy could hear, Rite Aid Associate Jane Doe

repeated the name of Plaintiff's prescription medication a number of times, further embarrassing and shaming Plaintiff.

16. While Plaintiff had been waiting in line prior to reaching the customer service counter, Rite Aid Associate Jane Doe did not speak to any of the Caucasian customers in a loud voice. When speaking to the Caucasian customers, Rite Aid Associate Jane Doe instead used a quiet voice appropriate to communicating private medical information.

17. Once it became apparent to Rite Aid Associate Jane Doe and the other Rite Aid employees present that Plaintiff intended to complete her purchase of prescription medication and was capable of doing so, Rite Aid Pharmacist Janet=r Doe approached Plaintiff with a new alleged reason that Defendant Rite Aid would not fill her prescription and sell her the medication, telling Plaintiff that the medication was out of stock.

18. As Plaintiff was speaking to Pharmacist Janet Doe, Rite Aid Associate Jane Doe again approached Plaintiff and interjected, whereupon Plaintiff requested that Jane Doe cease speaking. Associate Jane Doe called Plaintiff, who is a forty-one year-old woman, a "girl" and said "Oh you want to shush me?" She threatened to "come over the counter right now" to attack Plaintiff.

19. Next, Rite Aid Associate Jane Doe directed demeaning, stylized, stereotyped and racially charged mannerisms and speech at Plaintiff. Specifically,

Rite Aid Associate Jane Doe purported to mimic Plaintiff by putting one hand on her hip and the other held palm out, twisting her neck around, and speaking in a stereotyped and supposedly "black" accent.

20. While Plaintiff had been waiting in line prior to reaching the customer service counter, Rite Aid Associate Jane Doe did not speak to any of the Caucasian customers with demeaning, stylized and stereotyped mannerisms and speech. When speaking to the Caucasian customers, Rite Aid Associate Jane Doe instead used a quiet voice appropriate to communicating private medical information, unlike her conduct in loudly announcing Plaintiff's private medical prescription.

21. While Plaintiff had been waiting in line prior to reaching the customer service counter, Rite Aid Associate Jane Doe did not threaten to "come over the counter right now" when speaking to any of the Caucasian customers, nor did she call any Caucasian customer a "girl" or a "boy."

22. Following Rite Aid Associate Jane Doe's demeaning and stereotyped caricature, Defendant Rite Aid Pharmacist Janet Doe said that she was going to ask the Store Manager to intercede.

23. Defendant John Doe Rite Aid employee then called the police to complain about Plaintiff.  Upon information and belief, Defendant John Doe called the police to complain about Plaintiff pursuant to the instructions of Defendant Rite Aid Store Manager Jack Doe.

24. The police responded to the Lemoyne Rite Aid, where they interviewed the Plaintiff.

25. Upon information and belief, the police also interviewed Rite Aid Associate Jane Doe and other Rite Aid employees at the Lemoyne Rite Aid.

26. The police determined that Plaintiff had done nothing wrong.

27. The police left the Lemoyne Rite Aid without taking any further action.

28. Upon information and belief, Defendant Rite Aid of Pennsylvania, LLC did not discipline or otherwise penalize any of the Individual Defendants for their conduct toward Plaintiff.

## CAUSES OF ACTION

### COUNT I
### PRIVATE DEPRIVATION OF EQUAL RIGHTS
### (42 U.S.C. §1981)

29. Plaintiff incorporates the foregoing paragraphs, as if fully set forth herein.

30. 42 U.S.C. § 1981(a) and (b) guarantee equal rights to non-white individuals, specifically as relevant here, the right "to make and enforce contracts," including the "the making, performance . . . [and] enjoyment of all benefits, privileges, terms and conditions of the contractual relationship."

31. 42 U.S.C. § 1981(c) protects these rights "against impairment by

6

nongovernmental discrimination," *i.e.*, against impairment by private actors including Defendants here.

32. Section 1981(b) protection against racial discrimination applies to all phases and incidents of a contractual relationship, including behavior preceding or related to a potential sale in retail establishments such as the Lemoyne Rite Aid.

33. Defendant Rite Aid of Pennsylvania LLC operates the Lemoyne Rite Aid and lists the Lemoyne Rite Aid on its website as one of its Pennsylvania pharmacy "locations."

34. Communication with Rite Aid Associates at pharmacy customer service counters concerning insurance coverage, payment options, availability of specific prescription medications and other topics and issues related to a pharmacy customer's specific needs is a phase of the contractual relationship that is normally incident to a customer's patronage of Defendant Rite Aid of Pennsylvania.

35. When discussing insurance coverage, payment options, availability of specific prescription medications, and other topics and issues related to a customer's specific needs with pharmacy customers incident to their patronage of Defendant Rite Aid of Pennsylvania, Rite Aid employees communicate with Caucasian pharmacy customers in a discreet manner that is appropriate to consultations concerning that customer's private and confidential medical information.

36. Indeed, upon information and belief Defendant Rite Aid of Pennsylvania posts signs in its stores asking customers to wait in a position at least fifteen feet from the pharmacy customer service counter in order to maintain the confidentiality and privacy of medical information discussed at the counter.

37. Defendant Rite Aid Associate Jane Doe violated 42 USC § 1981(b) by unlawfully discriminating against Plaintiff based solely on Plaintiff's race when she loudly and repeatedly announced Plaintiff's private and confidential medical information for all customers in the pharmacy to hear, in stark contrast to Rite Aid employees' standard conduct toward Caucasian customers and the care normally taken to ensure the confidentiality of Caucasian customers' information.

38. Defendant Rite Aid Associate Jane Doe violated 42 USC § 1981(b) by unlawfully discriminating against Plaintiff based solely on Plaintiff's race when she subjected Plaintiff to racially charged, demeaning, stylized and stereotyped mannerisms and speech in stark contrast to Rite Aid employees' standard conduct toward Caucasian customers.

39. Defendant Rite Aid Store Manager Jack Doe violated 42 USC § 1981(b) by unlawfully discriminating against Plaintiff based solely on Plaintiff's race when he instructed and caused John Doe Rite Aid Employee to summon the police with a complaint about Plaintiff's conduct when Plaintiff had done nothing at all wrong – let alone criminal – in stark contrast to Rite Aid's normal practice of

not summoning the police to complain about Caucasian customers who have done nothing at all wrong.

40. Defendant Rite Aid Store employee John Doe violated 42 USC § 1981(b) by unlawfully discriminating against Plaintiff based solely on Plaintiff's race when he summoned the police with a complaint about Plaintiff's conduct when Plaintiff had done nothing at all wrong – let alone criminal – in stark contrast to Rite Aid's normal practice of not summoning the police to complain about Caucasian customers who have done nothing at all wrong.

41. Defendants violated 42 USC § 1981(b) when, through their conduct preceding and incident to a potential sale to Plaintiff at the Lemoyne Rite Aid pharmacy, they took certain actions which Rite Aid employees do not take in regard to Caucasian customers, solely because Plaintiff is an African-American.

42. Specifically, Defendants violated 42 USC § 1981(b) when they: (i) intentionally subjected Plaintiff to racially charged, demeaning, stylized and stereotyped mannerisms and speech; (ii) made Plaintiff's private and confidential medical information known to all customers in the pharmacy by intentionally, loudly and repeatedly announcing that information for all to hear; and, (iii) summoned the police with a complaint about Plaintiff's conduct although they knew that Plaintiff had done nothing at all wrong – let alone criminal.

43. Upon information and belief, Defendant Rite Aid of Pennsylvania

LLC did not discipline or otherwise penalize any of the Individual Defendants for their conduct toward Plaintiff and thus it ratified that conduct.

44. Defendant Store Manager Jack Doe is an authorized supervisor. Defendant Store Manager Jack Doe instructed that the police be summoned despite knowing Plaintiff had done nothing at all wrong – let alone – criminal – and thus directly participated in the illicit acts and conduct.

45. By operation of *respondeat superior*, because it ratified the Individual Defendants' conduct and because an authorized supervisor directly participated in that conduct, Defendant Rite Aid of Pennsylvania LLC is vicariously liable for the acts and conduct of its employees in violating 42 USC § 1981(b).

46. Defendants' violations have caused Plaintiff humiliation, embarrassment and emotional distress, for which recovery of compensatory and punitive damages may be awarded pursuant to 42 U.S.C. §1981(a).

47. Defendants' violations were intentional and/or knowingly made with malice or reckless indifference to Plaintiff's statutory, medical privacy, and constitutional rights, and, therefore, warrant the imposition of punitive damages.

## COUNT II
## CONSPIRACY TO VIOLATE CIVIL RIGHTS
### (42 U.S.C. 1985(3))

48. Plaintiff incorporates the foregoing paragraphs, as if fully stated herein.

49. One who is injured by "two or more persons . . . [who] conspire . . . for the purpose of depriving . . . any person . . . of the equal protection of the laws, or the equal privileges and immunities under the laws" and who "do, or cause to be done, any act in furtherance of the object of such conspiracy," may bring "an action for the recovery of damages" against them pursuant to 42 U.S.C. § 1985(3).

50. Plaintiff has been injured by the conduct and acts of Individual Defendants Rite Aid Associate Jane Doe, Rite Aid Manager Jack Doe, and Rite Aid Employee John Doe, taken by each in furtherance of a common plan and/or common understanding to deprive Plaintiff of the normal incidents of a normal and standard retail pharmacy contractual relationship provided to Caucasian pharmacy customers, including behavior preceding or related to a potential sale.

51. Specifically, Defendant Rite Aid Associate Jane Doe did acts in furtherance of that common plan or common understanding by subjecting Plaintiff to racially charged, demeaning, stylized and stereotyped mannerisms and speech and by intentionally and loudly and repeatedly announcing for all customers to hear Plaintiff's private and confidential medical information known.

52. Specifically, Defendants Rite Aid Manager Jack Doe and Rite Aid Employee John Doe did or caused to be done an act in furtherance of that common plan or common understanding by summoning the police with a complaint about Plaintiff's conduct although they knew that Plaintiff had done nothing at all wrong

11

– let alone criminal.

53. Defendant Rite Aid Associate Jane Doe did not – and indeed could not and cannot – provide a legitimate reason for her conduct in furtherance of the common plan or common understanding – aiming disrespectful, commercially inappropriate, and racially charged behavior and statements at a customer.

54. Defendants Rite Aid Manager Jack Doe and Rite Aid Employee John Doe did not – and indeed could not and cannot – provide a legitimate reason for their conduct in furtherance of the common plan or common understanding – summoning the police with a complaint about a customer's conduct although they knew that customer had done nothing at all wrong – let alone criminal.

55. The words and actions of Defendants Rite Aid Associate Jane Doe, Rite Aid Manager Jack Doe and Rite Aid Employee John Doe demonstrate a meeting of the minds and a common goal, intent and understanding amongst them to deny Plaintiff the normal incidents of a normal and standard retail pharmacy contractual relationship provided to Caucasian pharmacy customers, including behavior preceding or related to a potential sale.

56. Defendants Rite Aid Associate Jane Doe, Rite Aid Manager Jack Doe and Rite Aid Employee John Doe did and/or caused to be done acts in furtherance of that goal intent and understanding to purposely deprive Plaintiff of her civil rights, in violation of 42 U.S.C. § 1981(b).

57. Accordingly, Defendants Rite Aid Associate Jane Doe, Rite Aid Manager Jack Doe and Rite Aid Employee John Doe engaged in a conspiracy, within the meaning of 42 U.S.C. §1985(3).

58. As a result of Defendants' conspiracy to deprive Plaintiff of her civil rights, Plaintiff has suffered damages, including humiliation and embarrassment.

## COUNT III
## DEPRIVATION OF CIVIL RIGHTS
(43 P.S. §§ 951 et seq.)

59. Plaintiff incorporates the foregoing paragraphs, as if fully set forth herein.

34. In relevant part, the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951-963, provides:

> The opportunity for an individual . . . to obtain all the accommodations, advantages, facilities and privileges of any public accommodation . . . without discrimination because of race, [or] color . . . is hereby recognized as and declared to be a civil right which shall be enforceable as set forth in this act. *Id*. at § 953.

35. Rite Aid of Lemoyne is a "public accommodation" within the meaning of the PHRA because it is a "retail store[]" that is "open to, accepts or solicits the general patronage of the public . . . ." *Id.* at §654(l).

36. Defendants deprived Plaintiff of the rights and benefits to which she was entitled in violation of 43 P.S. 955(i)(1).

13

60. Specifically, the Individual Defendants denied Plaintiff advantages, facilities, and privileges of the Lemoyne Rite Aid by denying to Plaintiff the basic incidents of service normally provided to Caucasian customers solely because of her race, specifically by: (i) intentionally subjected Plaintiff to racially charged, demeaning, stylized and stereotyped mannerisms and speech; (ii) made Plaintiff's private and confidential medical information known to all customers in the pharmacy by intentionally, loudly and repeatedly announcing that information for all to hear; and, (iii) summoned the police with a complaint about Plaintiff's conduct although they knew that Plaintiff had done nothing at all wrong – let alone criminal.

61. By operation of *respondeat superior*, because it ratified the Individual Defendants' conduct and because an authorized supervisor directly participated in that conduct, Defendant Rite Aid of Pennsylvania LLC is vicariously liable for the acts and conduct of its employees in violating Section 955(i)(1) of the PHRA.

37. Defendants gave no legitimate, non-discriminatory reason for denying Plaintiff the basic incidents of service normally provided to Caucasian customers.

38. Defendants' violations have caused Plaintiff humiliation, embarrassment and emotional distress, for which recovery of compensatory and punitive damages may be awarded.

## RELIEF REQUESTED

**Wherefore**, Plaintiff respectfully seeks of Defendants, and each of them:

A. Compensatory damages as to all Defendants;

B. Punitive damages as to all Defendants;

C. Statutory attorneys' fees and costs;

D. Declaratory, injunctive and other equitable relief as to all Defendants; and

E. Such other and further relief as the Court may find just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

/s/ Leticia C. Chavez-Freed
Leticia C. Chavez-Freed, Esq.
PA Bar ID 323615
The Chavez-Freed Law Office 2600 N. 3rd Street  Harrisburg, PA17110
(717) 893-5698
*Counsel for Plaintiff Rebecca Williamson*

Dated:  May 1, 2024